In re Joseph H. JONES, aka Joe Jones, dba Jones Bins, Nancy M. Jones, Debtors.

COLUMBUS JUNCTION STATE BANK, Plaintiff,

v.

Joseph H. JONES, aka Joe Jones, dba Jones Bins, Nancy M. Jones, Defendants.

Bankruptcy No. 86–00233C.

Adv. No. 87–0132C.

United States Bankruptcy Court, N.D. Iowa.

Oct. 27, 1987.

Larry G. Gutz, Cedar Rapids, Iowa, for defendants.

Timothy K. Wink, Columbus Junction, Iowa, for plaintiff.

R. Fred Dumbaugh, Cedar Rapids, Iowa, trustee.

## FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER Re: Determination of Secured Status

Michael J. Melloy, Bankruptcy Judge.

The matter before the Court is a Complaint to Determine Secured Status filed by Columbus Junction State Bank (Bank) on April 30, 1987. On August 10, 1987 a pre-trial conference was held and at its conclusion both parties were given 30 days in which to submit briefs on the issues. Trustee has since advised the Court that no brief would be filed on his behalf. This is a core proceeding under 11 U.S.C. § 157(b)(2)(K).

### FINDINGS OF FACT

1. On March 17, 1973, Debtors executed a security agreement in favor of Bank.

2. On March 29, 1973, Bank perfected its security interest by filing two financing statements covering "equipment, farm products, crops, livestock, supplies, contract rights, and all accounts and proceeds thereof." with the Iowa Secretary of State.

3. On January 26, 1978, Bank filed a continuation of their original financing statement with the Iowa Secretary of State.

4. On February 10, 1983, Bank filed a second continuation of their original financing statement with the Iowa Secretary of State.

5. On January 31, 1986, Debtors filed a Chapter 7 bankruptcy petition pursuant to Title 11 of the United States Code.

6. Trustee has collected proceeds from the 1985 crop in the form of a $10,073 insurance check, a $3,261 deficiency payment, and an undetermined amount of soybeans harvested in 1986 from 97 acres of farmland owned by Debtors.

### DISCUSSION

The Bank maintains that it had a continuously perfected security interest in the

property at the time of the filing of the bankruptcy petition pursuant to Iowa Code § 554.9403(3) (1987). Trustee argues that the Bank may not have a properly perfected security interest in the property, as the Bank failed to file the second continuation statement within five years of the first continuation statement, which may have caused the security interest to lapse. Therefore, the issue before the Court is the beginning date for computing the five year period during which a continuation statement is effective.

Iowa Code § 554.9403(3) (1987) states: "Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five years after the *last date to which the filing was effective.* Whereupon it lapses in the same manner as provided in subsection 2 unless another continuation statement is filed prior to such lapse." (emphasis added)

In *Chrysler Credit Corp. v. United States,* 24 U.C.C.Rep. 794 (E.D.Va.1978), the court held that the proper filing of a financing statement on October 9, 1967, perfected the security interest in the debtor's property for a period of five years. A continuance was filed on July 7, 1972, thereby preserving the perfection of the security interest until October 9, 1977, pursuant to Va. Code § 8.9–403(3). Thus, Chrysler had a prior security interest in debtor's property when the tax lien was filed on April 27, 1976. *See also United States v. Minister Farmers Cooperative Exchange, Inc.,* 21 U.C.C. Rep. 1439 (N.D.Ohio 1977) (five year period begins to run on date previous financing statement or continuance expires). These decisions agree with opinions issued by the Attorney General in South Dakota (Official Opinion No. 77–92), Ohio (No. 74–025), and Michigan (No. 4800), which all concurred that U.C.C. § 9–403(3) allows a continuation statement to extend a financing statement for five years after the previous five years has lapsed.

In the instant case, Bank obtained a perfected security interest by filing its financing statement on March 28, 1973. The continuation statement filed on January 26, 1978, extended the perfection of the security interest until March 28, 1983. The second continuation statement was filed on February 10, 1983, thereby extending the perfection of the security interest to March 28, 1988. Therefore, Bank has a properly perfected security interest in the 1985 insurance proceeds, the deficiency payments and the soybeans harvested from the Debtors' 97 acres of farmland.

## CONCLUSION OF LAW

A continuation statement becomes effective for an additional five year period of perfection from the date on which the original financing statement or prior continuation statement would lapse.

## ORDER

IT IS THEREFORE ORDERED that Bank is the holder of a secured claim in Debtors' 1985 insurance check of $10,073, deficiency payment of $3,261, and an undetermined value of soybeans harvested from Debtors' 97 acres of farmland, presently in possession of Trustee.